**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAMES YATES, et al.,<br><br>        Defendants. | CASE NO. CV-F-05-1111 AWI DLB P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>[Doc. 1] |

I.    <u>Screening Order</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on August 1, 2005 in the Sacramento Division of this Court. The action was subsequently transferred to this court.

        A.    <u>Screening Standard</u>

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison in Coalinga, California. Plaintiff names Warden Yates, Associate Wardens Mattingly and Ward and Captain Petrick as defendants.

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

The court has reviewed plaintiff's complaint and finds that it does not comply with Rule 8(a). Further, the court finds that plaintiff's allegations are so vague and confusing that the court is unable to determine whether or not plaintiff may be able to state any claims for relief under 42 U.S.C. § 1983. Plaintiff's complaint is over 100 pages long, with recitation of varies legal citations. Plaintiff's complaint is much longer than it needs to be, and it does not separate out each of plaintiff's claims against each defendant. In addition, plaintiff's complaint contains allegations concerning individuals who are not named in the complaint as defendants and fails to contain any allegations at all against some

of the individuals who are named as defendants in the complaint.

For these reasons, plaintiff's complaint must be dismissed. The court will provide plaintiff with an opportunity to file an amended complaint curing these deficiencies and clarifying his claims. In amending his complaint, plaintiff is informed that his allegations should not be lengthy or overly-detailed. Rather, as previously stated, plaintiff need only set forth enough facts so that each defendant is on notice as to what he or she did or did not do that plaintiff believes violated his rights. In the subsections that follow, the court will provide plaintiff with the legal standards that appear to be applicable to plaintiff's claims. Plaintiff should carefully review the legal standards and, in his amended complaint, clarify his claims, setting forth specific factual allegations in support of each claim.

       1.      Section 1983 Claims

          a.      Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

          b.      Eighth Amendment Medical Care Standard

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and

a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

///

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle v. Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

        c.      Denial of Access to the Courts Standard

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has

suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." Id. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." Id. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

                d.        Placement in Administrative Segregation

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free

1  from Ad-Seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due
2  process claim fails because he has no liberty interest in freedom from state action taken within sentence
3  imposed and administrative segregation falls within the terms of confinement ordinarily contemplated
4  by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's
5  placement and retention in the SHU was within range of confinement normally expected by inmates in
6  relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in
7  being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established
8  the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for
9  relief under section 1983 for deprivation of procedural due process.

10       Further, even if plaintiff had a liberty interest in remaining free from Ad-Seg, plaintiff has alleged
11 no facts that support his claim he was deprived of the procedural due process protections he was due.
12 Plaintiff was informed of the reasons for his placement in Ad-Seg via the CDC-114 form, and plaintiff
13 was provided with periodic reviews following his placement in Ad-Seg.  Thus, plaintiff received all the
14 notice he was due regarding his placement in Ad-Seg, and all the process he was due regarding his
15 retention in Ad-Seg.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Due Process does
16 not require that plaintiff be provided with "detailed written notice of charges . . ." or "a written decision
17 describing the reasons for placing the prisoner in administrative segregation," and "due process does not
18 require the disclosure of the identity of any person providing information leading to the placement of
19 a prisoner in administrative segregation."  Id.

20       C.    Conclusion

21       The court finds that plaintiff's complaint does not comply with Rule 8(a) and does not, in its
22 present state, contain any claims upon which relief may be granted against any of the defendants.  Due
23 to the lengthy and confusing nature of plaintiff's allegations, the court cannot make a determination
24 whether or not the deficiencies in plaintiff's claims are curable.  Therefore, the court will provide
25 plaintiff with the opportunity to file an amended complaint.

26       Plaintiff is informed he must demonstrate in his complaint how the conditions complained of
27 have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th
28 Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There

can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8(a) and failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to comply with Rule 8(a) and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   September 22, 2006                    /s/ Dennis L. Beck
3c0hj8                                     UNITED STATES MAGISTRATE JUDGE